JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-02440-DOC-JDEx                                      Date: February 29, 2024

Title: DAVID D'AMICO V. OLIVE GARDEN ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER SUA SPONTE REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT

**I.      Background**

When Plaintiff David D'Amico was walking around an Olive Garden restaurant, he was "struck by a hanging and/or loose extension cord. which allegedly caused Plaintiff to endure severe injury and pain. Second Amended Complaint ("SAC") (Dkt. 24) at 4.

Plaintiff sued for negligence, willful failure to warn, and for maintaining a dangerous condition on their property in Orange County Superior Court. *Id.* at 7; Notice of Removal ("Not.") (Dkt. 1) at 7. The Complaint names four defendants: Olive Garden, Newkoa LLC, Darden Concepts, and Piluntana Maneerod. Maneerod and Newkoa are both citizens of California. Plaintiff, too, is a citizen of California.

Defendant removed this lawsuit to federal court, asserting diversity jurisdiction. The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-02440-DOC-JDEx                                   Date: February 29, 2024

Page 2

## II.   Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). If a court does not have subject matter jurisdiction, the case must be remanded. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

## III.  Discussion

Here, there are two named defendants—Maneerod and Newkoa—who are not diverse with Plaintiff. Consequently, the Court lacks diversity jurisdiction.

Both orally and in written filings, Defendants have argued that Maneerod, the manager of the Olive Garden location where Plaintiff was injured, is a "sham" defendant whose citizenship should be disregarded for purposes of diversity jurisdiction. Olive Garden argues that Plaintiff cannot state a claim against Maneerod because Maneerod did not take actions outside the scope of their employment. However, an employee may still be personally liable for negligence based on actions that are within the scope of their employment. *Cf. C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. App. 4th 861, 872 (2012). Therefore, by alleging that Maneerod acted negligently, Plaintiff stated a claim against Maneerod. In any event, Plaintiff also joined Newkoa, another non-diverse defendant, and there is no indication that Newkoa is a sham defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-02440-DOC-JDEx          Date: February 29, 2024

Page 3

Therefore, the Court lacks diversity jurisdiction over this matter.

### IV.     Disposition

For the foregoing reasons, this case is **REMANDED** to Orange County Superior Court. All future dates in this matter are **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11          Initials of Deputy Clerk: kdu

CIVIL-GEN